UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YESICA PRADO, ET AL.,**<br>　　　　Plaintiffs,<br><br>　　v.<br><br>**CITY OF BERKELEY,**<br>　　　　Defendant. | Case No. 4:23-04537<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2, 7. |

Plaintiffs have filed their ex parte Application and Complaint for Injunctive Relief and supporting documents. (Dkt. No. 2.)[1] No response has been filed by defendant as of the time of this Order. Having reviewed the application for Temporary Restraining Order and Preliminary Injunction, the Memorandum of Points and Authorities, submitted declarations, and the complaint, and good cause appearing, the Court **GRANTS** the application for a temporary restraining order. Plaintiffs' moving papers indicate that they are homeless. They currently reside in tents and vehicles around 8th and Harrison in Berkeley, California. Plaintiffs allege that on September 1, the Friday before Labor Day weekend, defendant notified plaintiffs that on September 4, they will be forced to relocate for a "Health Hazard and Emergency Abatement." Because of the holiday weekend, plaintiffs, some of whom have disabilities, have been unable to access resources to assist them in preparing to move, such as temporary storage for their belongings and housing services. Plaintiffs allege that the city's deliberate decision to conduct the abatement during a holiday weekend when plaintiffs would have limited access to resources and the courts violates their constitutional rights, including by placing them in state-created danger in violation of their right to

---

[1] The undersigned counsel for plaintiff certified that, pursuant to Civil Local Rule 65-1(b), he notified defendants via email of this *ex parte* motion, and provided courtesy copies of the motion together with all supporting papers on September 3.

1   due process. It is the Court's understanding based on further representations by plaintiffs' counsel
2   by email to court staff that as of 9:30 p.m. on September 4, the abatement had not taken place.

3        A temporary restraining order may be granted where plaintiffs (1) are likely to succeed on
4   the merits; (2) are likely to suffer irreparable harm in the absence of preliminary relief; (3) the
5   balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v.*
6   *Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008). With respect to the success on
7   the merits and balance of harms factors, courts permit a strong showing on one factor to offset a
8   weaker showing on the other, so long as all four factors are established. *Alliance for the Wild*
9   *Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

10        The Court, as duty judge, resolves this matter pending reassignment. Having reviewed the
11   complaint and motion, the Court finds plaintiffs make a threshold showing of likelihood of success
12   on the merits of at least some claims. The potential loss of personal property, community, and
13   safety, particularly in the absence of access to resources and services is an irreparable harm. It is
14   in the public interest that members of the community, including the unhoused, are not endangered
15   or parted from their homes and community without cause.

\*\*\*

## TEMPORARY RESTRAINING ORDER

**UNTIL OTHERWISE ORDERED,** defendant, its employees, agents and/or any other person or entity acting with defendant or on its behalf are **RESTRAINED AND ENJOINED** from conducting an abatement of the area surrounding 8th and Harrison, Berkeley, California.

**THIS TEMPORARY RESTRAINING ORDER IS EFFECTIVE IMMEDIATELY.** It shall expire on **September 15, 2023** at approximately **5:00 PM PST** unless a further order based on good cause is entered.

Unless otherwise stipulated, or ordered by the assigning judge, defendant shall file its opposition no later than 9:00 a.m. Monday, September 11, 2023. Any reply shall be filed by 9:00 a.m. Wednesday, September 13, 2023. The assigned judge will determine whether a hearing is necessary and whether to adjust the briefing schedule as needed on the need for further injunctive relief.

United States District Court
Northern District of California

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

1. The Court **GRANTS** plaintiff Yesica Prado's application to proceed in forma pauperis. (Dkt. No. 7.)
2. The Clerk shall issue summons.
3. The U.S. Marshal shall serve, without prepayment of fees, a copy of the complaint, any amendments, attachments, scheduling orders and other documents specified by the Clerk, and this order upon the defendants. Proof of such service shall be filed no later than Friday, September 8, 2023.
4. As no address has been provided for plaintiff Prado, the Clerk shall e-mail a copy of this order to plaintiff's counsel of record.
5. Plaintiff's counsel shall e-mail a copy of this order to the defendant.

This Order terminates Docket Numbers 2 and 7.

**IT IS SO ORDERED.**

Dated: September 5, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**